UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 07 CR 689 |
| | ) | |
| MARK D. RADLEY, | ) | Hon. Ruben Castillo |
| JAMES W. SUMMERS, | ) | |
| CODY D. CLABORN, and | ) | |
| CARRIE KIENENBERGER | ) | |

## PROTECTIVE ORDER GOVERNING DISCOVERY MATERIAL

This matter coming before the Court pursuant to Government's Unopposed Motion for Protective Order, and the Court being fully advised in the premises:

IT IS HEREBY ORDERED THAT:

1. All materials produced by the government in preparation for, or in connection with, any stage of the proceedings in this case, including but not limited to: applications; affidavits; recordings; grand jury transcripts; agency reports; witness statements; memoranda of interview; and any documents and tangible objects produced by the government, including electronic hard drives ("materials"); shall remain the property of the United States. Within 90 days of the conclusion of the trial, any appeal or any proceedings under 28 U.S.C. § 2255 in this case, or the earlier resolution of charges against the defendant(s), all such materials and all copies made thereof shall be returned to the United States or destroyed. The Court may require a certification as to the disposition of any such materials retained.

2. All materials provided by the United States may be utilized by the defendants and their respective counsel solely in connection with the defense of this case, or any appeal or any proceeding under 28 U.S.C. § 2255 in this case and for no other purpose and in connection with no

other proceeding. The materials and any of their contents shall not be disclosed either directly or indirectly to any person or entity other than the defendants, defendants' counsel, persons assisting in the defense, persons who are interviewed or consulted during the course of this case or such other persons as to whom the Court may authorize disclosure. Any notes or records of any kind that defense counsel or the defendants may make relating to the contents of materials provided by the government shall not be disclosed to anyone other than the defendants, defendants' counsel, persons assisting in the defense, persons who are interviewed or consulted during the course of this case or such other persons as to whom the Court may authorize disclosure, and all such notes and records shall not be disclosed except as provided by this Order.

3. The materials shall not be copied or reproduced except so as to provide copies of the material for use by the defendants, defendants' counsel, persons assisting in the defense, persons who are interviewed or consulted during the course of this case or such other persons as to whom the Court may authorize disclosure, and such copies and reproductions shall be treated in the same manner as the original materials.

4. To the extent any material is produced by the United States to defendant(s) inadvertently (by mistake or otherwise), the United States shall have the right to request the return of the material ("the clawback material"), and shall do so in writing. Within five days of the receipt of such a request, counsel for defendant(s) shall return all such material if in hard copy, and in the case of electronic materials, shall certify, in writing, that the clawback material and any copies of such material have been permanently deleted from any location in which it was stored. Within five days of the receipt of such certification from defendant(s), the United States shall provide a log to defendant(s) describing the clawback material in a manner sufficient to allow defendant(s) to raise with the Court the issue of production of such material.

5.  The restrictions set forth in this Order do not apply to documents that are in the public record, including but not limited to, trial transcripts, documents that have been received in evidence at other trials, or documents that are otherwise in the public domain.

6.  Intentional violation of this Order is punishable as a contempt, and may result in the imposition of civil and criminal sanctions. However, nothing contained in this Order shall preclude any party from applying to the Court for further relief or for modification of any provision herein.

Honorable Ruben Castillo
United States District Judge

Date: 12/15/07